# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHNNY RAY CHANDLER,** | : | **CIVIL ACTION NO. 1:13-CV-1424** |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MS. S. STOVER, MR. J. BENFER,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 30th day of May, 2013, upon consideration of plaintiff's recently filed <u>Bivens</u>[1] action (Doc. 1), in which he seeks to proceed in forma pauperis (Doc. 5), and the court finding that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits him from proceeding in forma pauperis as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim, <u>see</u> <u>Ibrahim v. District of Columbia</u>, 208 F.3d 1032 (D.C.Cir. 2000), *cert. denied*, 121 S.Ct. 2249 (June 11, 2001), and it being evident that there is no indiction that plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g) (setting forth the three strikes rule which provides that an inmate who has three prior actions or appeals

---

[1] <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). <u>Bivens</u> stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"), or that a threat of danger is real and proximate[2], Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are insufficient to trigger the exception to section 1915(g); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (concluding that the "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate")), and, therefore, his claim fails to meet the imminent danger exception to section 1915(g), it is hereby ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (Doc. 2) is DENIED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).

3. The Clerk of Court is directed to VACATE the administrative order (Doc. 6) and NOTIFY the warden at the United States Penitentiary at Lewisburg.

---

[2]Plaintiff alleges that he is housed in the Special Management Unit at the United States Penitentiary at Lewisburg and that he is in great fear for his health and safety. (Doc. 1.) He bases this fear on his belief that he will be placed in a cell with "friends" of the individual who assaulted him in 2011. Specifically, he states that the "[i]nmate who committed the assault told several of his friends (whom I do not know). He told them to move in the cell with me, and for them to break my jaw and both of my arms." (Doc. 1, at 3.) He filed a request for protective custody with defendant Stover on April 29, 2013. (Doc. 1, at 6.) The following day, defendant Stover forwarded the request to defendant Benfer for review. (Id.)

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

                                           S/ Christopher C. Conner
                                         CHRISTOPHER C. CONNER
                                         United States District Judge